[No. 2,828.]

## JAMES REGAN *v.* OWEN McMAHON ET ALS.

JUDGMENT IN PARTITION.—If tenants in common own, some in fee, others a life estate, and the deed creating the life estate gives the remainder to such children, and the lawful issue of deceased children, of the person owning the life estate, as shall be. living when the life estate terminates, a judgment of partition, made before the life estate terminates, should not fix the quantity of interest of those claiming the remainder. Such judgment sufficiently protects those claiming the remainder, if it allots the life estate, subject to the right of those holding in remainder.

IDEM.—When it is uncertain to whom, and in what proportions, a remainder may descend, after the termination of a life estate, a judgment in partition, made before the life estate terminates, should not ascertain the interest of those holding in remainder.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

In the year 1839 the Mexican Government granted to Francisco Sanchez the Rancho San Pedro, lying in what became the County of San Mateo after the admission of California as a State. The grant was confirmed by the United States authorities; and said Sanchez, on the 5th day of March, 1856, conveyed the same to Arcenia Miramontes, Pedro Higuera, and Ramon de Zaldo, in trust.

First—To permit Teodora Higuera de Sanchez, then the

wife of said Francisco, to have, during her natural life, for her sole and separate use and benefit, the possession, use, and enjoyment of said rancho.

Second—To hold the undivided one half of said rancho for said Teodora absolutely, and to convey the same in fee simple, as she should in writing direct.

Third—To hold the other undivided half of said rancho until the decease of said Francisco Sanchez and said Teodora Higuera de Sanchez, and then to convey the same unto the then living children of said Francisco Sanchez by said Teodora, share and share alike; and if any of said children should then be dead, leaving lawful issue, then to convey the share which would have gone to said deceased child to the then living issue of such deceased child. On said fifth day of March said trustees granted and surrendered to said Teodora, by a conveyance in writing, for her sole and separate use and benefit, the sole possession, use, and enjoyment, during her life, of said rancho. Said Francisco died in September, 1862. At the time of the execution and delivery of said deed to said trustees there were living nine children of said Francisco Sanchez and his wife, said Teodora Higuera de Sanchez; said children being Pedro Sanchez, Luis de Sanchez, Luisa Sanchez, Rosalia Sanchez, the wife of Frank N. Gutierrez, Tomas Sanchez, Francisco Sanchez, Cipriano Sanchez, Guadalupe Sanchez, Geneveva Sanchez, the wife of Lorenza Pacheco.

The plaintiff, who had acquired an undivided interest in the rancho, commenced this action for a partition on the 16th day of November, 1868. Said Teodora and the children, and a large number of other persons who claimed under Teodora and the children, were made defendants. Two of the children, Guadalupe Sanchez and Geneveva Sanchez de Pacheco, died during the pendency of the suit. George F. Sharp was one of the defendants.

The Court partitioned the rancho among the different

owners, in fee and of life estates. At the time the partition was made said Teodora was living.

The final decree contained the following provision:

"It further appearing that the defendants Tomas Sanchez, Cipriano Sanchez, Francisco Sanchez, Juan Bernal, Pedro Sanchez, George F. Sharp, Patrick Flannelly, Patrick Feeny, Robert Inches, and Clorinda Perez and José Garcia, and the plaintiff James Regan, are entitled to remainders in certain portions of said rancho. It is, therefore, ordered and decreed that such portions of said rancho as are allotted to said plaintiff, and to various defendants, for and during the life of said Teodora Higuera de Sanchez, are so allotted, subject to the rights of said plaintiff and defendants so holding remainders as aforesaid."

The other facts are stated in the opinion.

*John Hunt, Jr.,* for Appellant.

The decree does not provide for appellant's rights, in the event of Rosalia surviving any or all of her brothers and sisters.

*J. B. Harmon* and *J. P. Hoge,* for Respondents.

The statute does not permit appellant's interest to be set apart in some specific tract of land. He has a vested remainder only, to come into possession after the decease of Teodora Sanchez—an event which has not occurred. Until that event the land can be actually divided only among those persons who have fee simple or life estate interests therein.

By the Court, WALLACE, J.:

Under the conveyance in trust Teodora, the mother of Rosalia, the appellant's grantor, became seized of an estate

in fee in one undivided half, and of an estate for her own life in the other undivided half, of the Rancho San Pedro; and Rosalia and the other children became owners of a vested remainder in the latter named half, to come into possession only at the death of the mother—an event yet in the future.

Partition was decreed to be made between the parties who were purchasers from Teodora in fee in some instances, and for life in other instances, and in yet other instances in fee, and for life as well; and none of these complain of the decree.

Sharp, who is the sole appellant, owns neither in fee nor for life, but has succeeded only to the interest of Rosalia in remainder, and complains that his interest is not sufficiently protected by the decree. We observe, however, that the appellant is named in the decree as one of the persons holding in remainder, and the allotments of the undivided half held for life are distinctly decreed to be subject to the right of all those so holding in remainder.

The decree could not, of course, undertake to ascertain in advance the quantity of interest, if any, which the appellant is to have at the death of Teodora, when that event shall occur; for under the operation of the conveyance the appellant may succeed to the whole of the premises set apart by the decree to the purchasers of the life estate, or he may succeed to any portion less than the whole, or possibly to no interest whatever in the premises.

The decree is affirmed.